## J. W. THOMAS and WESLEY THOMAS *v.* HENRY P. POINTER.

PLEADINGS AND PRACTICE. *New action within a year after reversal or arrest of judgment.* Where, before a judgment of a justice of the peace was barred by statute of limitations, the plaintiff went before the justice of the peace having control of the papers at the time they were burned, and made proper affidavit of the facts, and the justice of the peace, without making oath himself as required by the statute, issued execution, which was levied on property of the defendant, and was quashed under a *certiorari* and *supersedeas,* and the plaintiff, within a year after the execution was quashed, but after the judgment would have been barred by statute of limitations, on proper affidavit of the justice of the peace, had execution issued. *Held,* that while the proceeding under the statute providing for the issuance of an execution in such cases, is not in form an action, it is a summary proceeding provided in place of a more tedious remedy, and entitles the plaintiff to commence proper proceeding within a year after its termination.

### FROM MAURY.

Appeal in error from the Circuit Court of Maury county. W. S. McLEMORE, J.

Thomas *v.* Pointer.

A. M. HUGHES for Thomas.

G. P. FRIERSON for Pointer.

FREEMAN, J., delivered the opinion of the court.

In 1862 Pointer had judgment before a justice of the peace against plaintiffs in error. The papers were destroyed by fire in 1873.

In 1874, within ten years after the statute of limitation commenced to run after the war, Pointer went before the justice who had control of the papers at the time they were burned, and made a proper affidavit of the fact. Thereupon an execution was issued by the justice, which was returned with no endorsement on it, but an *alias* was issued, which was levied on the property of defendants. They, in February, 1875, filed a petition for *certiorari* and *supersedeas* in the circuit court to have the execution quashed, on the ground that requirements of the law had not been met, the justice not having made an affidavit, as required by section 3785, new Code, which is, when the docket book and original papers belonging to the office of a justice of the peace are destroyed, and said justice shall make oath to that effect, it shall be lawful for said justice or his successor in office, (upon plaintiff, his agent or attorney, or returning officer, filing with said justice, or his successor in office, an affidavit setting forth the name of the plaintiff or plaintiffs, defendant or defendants, the date and amount of his, her or their judgments as near as may be, and that the same has not been

·paid), to issue execution as though the original had not been destroyed; and the same shall be as good and valid, and have the same force and effect as other executions issued by said justice of the peace.   The justice made no affidavit, ,as we have said, though plaintiff did comply with the statute, and for this irregularity the execution was quashed September, 1877, the bar of ten years being complete January 1, 1877.   Within less than a year after the execution was quashed, on proper affidavit of the justice, this execution was issued.

The only question is, was the defective· proceeding and issuance , of execution, with levy on property of defendants, which was quashed, such an one as brings the case within the provision of the Code, "that if an action be commenced within the time limited, but the judgment or decree is rendered against plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested or reversed on appeal, the plaintiff or his representatives and privies, as the case may be, may from time to time commence a new action within one year after reversal or arrest.

We are of the opinion that a liberal construction of this statute, as well as the one authorizing the issuance of the execution on lost or destroyed judgments, brings this case within their spirit and fair intention.   While the proceeding for procuring an execution based on affidavits is not in form an action, it is substantially a summary remedy provided in

the place of the more tedious one of a bill in equity, by which a party is to render effective his right against his debtor, and is such a proceeding as when arrested and defeated by the action of defendants entitles the plaintiff to commence a proper proceeding within a year after the other is terminated.

The report of the Referees is disapproved, and judgment rendered in accord with this opinion.